867 F.2d 610
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Durham YORK, Defendant-Appellant.
 No. 88-5035.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 9, 1988.
Decided: Jan. 11, 1989.
 
 Theodore J. Borgna (Robert A. Ades and Associates, T. Scott Cullen, and John R. Parziale, on brief), for appellant.
 William G. Otis (Bradford R. Clark, on brief), for appellee.
 Before MURNAGHAN, Circuit Judge, RICHARD L. WILLIAMS, United States District Judge for the Eastern District of Virginia, sitting by designation, and MALCOLM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 The appellant, Richard York, appeals from the District Court's denial of his motion to dismiss the indictment on the grounds that the government's conduct was so outrageous as to violate due process. Finding no error in the District Court's decision, we affirm.
 
 
 2
 York was arrested as part of "Operation Looking Glass," the Postal Inspection Service's child pornography sting operation. In 1983, his name was found on a convicted child pornographer's mailing list, and in 1987 the U.S. Customs Service seized allegedly pornographic materials sent to York from Europe. Based on these two incidents, York's name was forwarded to the Postal Inspection Service, which targeted him under Operation Looking Glass.
 
 
 3
 The Service's undercover firm, the "Far East Trading Company," sent York a suggestive advertisement offering "youthful material." York filled in his name and address and returned the letter, and in response Far East sent him a catalog that contained graphic descriptions of the child pornography videotapes and magazines Far East offered. York sent in the order form, requesting a videotape and two magazines.
 
 
 4
 A postal inspector delivered the items on June 11, 1987, and searched York's apartment the same day. He found the tape and magazines, along with several other nudist publications. After being arrested and charged with one count of violating 18 U.S.C. Sec. 2252, York moved to dismiss the indictment. The District Judge denied the motion, and York entered a conditional guilty plea that reserved his right to appeal the denial of his motion. The District Court accepted the plea, and York appealed.
 
 
 5
 York attempts to argue that he was entrapped, that the government's conduct violated due process, and that the District Court erred in relying on its opinion in United States v. Goodwin, 674 F.Supp. 1211 (E.D.Va.1987), aff'd, 854 F.2d 33 (4th Cir.1988). As an initial matter, the government correctly points out and York conceded on oral argument that York's entrapment claim is not properly before this Court. Entrapment is an affirmative defense that cannot be raised until trial, and York plead guilty.
 
 
 6
 York argues that the indictment should have been dismissed both because Operation Looking Glass itself violates due process and because, even if Looking Glass is constitutional, the government's conduct was outrageous in targeting him based only on the 1983 mailing list and the materials seized by Customs. The first argument was explicitly rejected in Goodwin, 854 F.2d at 36-37, and we follow that decision. We also hold that the government did not violate due process in targeting York. Even if the government initially selected York based on insufficient or unreliable evidence, York freely chose to request the catalog and then decided to order materials unambiguously described as child pornography. These two voluntary actions confirmed the government's suspicions, and its conduct was not outrageous. "Where the conduct of the investigation itself does not offend due process, the mere fact that the investigation may have been commenced without probable cause does not bar the conviction of those who rise to its bait." United States v. Jannotti, 673 F.2d 578 (3rd Cir.), cert. denied, 457 U.S. 1106 (1982).
 
 
 7
 Finally, York claims that the District Court should not have adopted its opinion in Goodwin, 674 F.Supp. 1211, in deciding York's motion. He points out that the defendant in Goodwin showed much more predisposition than he: Goodwin was a long-time consumer of child pornography who was targeted by Operation Looking Glass when he placed a magazine ad requesting child pornography. This appears to be merely the outrageousness claim in another form, and we reject it for the reasons stated above.
 
 
 8
 The judgment of the District Court is therefore affirmed.
 
 
 9
 AFFIRMED.